**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**M. KATHLEEN McKINNEY,
Regional Director of the Fifteenth Region
of the National Labor Relations Board,
for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,**

          **Petitioner,**            Case No. 3:08cv494/MCR

**v.**

**JOMAC CONSTRUCTION, LLC,**

          **Respondent.**
_____/

## ORDER

This cause comes before the court on petitioner's "Petition for Injunction Relief under Section 10(j) of the National Labor Relations Act" (doc. 1) and its "Motion for, and Memorandum in Support, Hearing Based on Administrative Record and Affidavits" (doc. 4), both of which were filed October 28, 2008.[1]  For the reasons that follow, Petitioner's motions are DENIED, without prejudice.

A district court should grant the National Labor Relations Board's request for § 10(j) relief only when there is reasonable cause to believe that the alleged unfair labor practices have occurred and the requested injunctive relief is "just and proper." *Arlook v. S. Lichtenberg & Co.*, 952 F.2d 367, 371 (11th Cir. 1992) (citations omitted).  In assessing whether reasonable cause exists to believe labor violations have occurred, the district court

---

[1] Petitioner's counsel certifies that Respondent was served with a copy of the petition and attachments on October 29, 2008.

may only consider whether the Board's "theories of law and fact are not insubstantial and frivolous." *Id.* (citation omitted). In evaluating legal questions the court should simply determine whether the Board has presented a "substantial, nonfrivolous, coherent legal theory of the labor violation." *Id.* In assessing the factual questions the Board posits in support of its claim that reasonable cause exists to believe a labor violation has occurred, the court need only determine whether the Board has presented "enough evidence in support of its coherent legal theory to permit a rational factfinder, considering the evidence in the light most favorable to the Board, to rule in favor of the Board." *Id.* Additionally, in order to grant relief the court must be satisfied that the Board has established that injunctive relief under § 10(j) is "just and proper"; the Board can meet this requirement demonstrating through the facts that without such relief "any final order of the Board will be meaningless or so devoid of force that the remedial purposes of the [NLRA] will be frustrated." *Id.* (citation and quotation marks omitted). Only under very limited circumstances should the Board request, and the court grant, the extraordinary remedy of injunctive relief pursuant to § 10(j). *Id.* at 374.

      In this case, the court finds that the "evidence" supplied by Petitioner falls woefully short of establishing the minimal requirements necessary for relief under § 10(j). Although the court recognizes that the administrative proceedings are yet to be held, it nevertheless notes that no administrative record whatsoever has been provided to assist the court in its consideration of Petitioner's motions. The only "evidence" before the court consists of Petitioner's own conclusory statement in her affidavit that reasonable cause exists to believe Respondent has committed a labor violation; she presents absolutely no factual basis from which the court may determine that the standard has been satisfied. Moreover, the allegations of the petition, which Petitioner references in her affidavit, are likewise insufficient to establish reasonable cause to believe a labor violation has occurred. Additionally, Petitioner's proposed Findings of Fact and Conclusions of Law merely repeat the unsupported factual basis recited in the petition. None of what Petitioner has submitted is evidence on which the court may base its finding. Before the court will grant the sort of petition or motion now before it, including the issuance of a show cause order to

Respondent, Petitioner must submit evidentiary materials that are adequate to allow the court to fairly make the reasonable cause and "just and proper" determinations required under the National Labor Relations Act.

Accordingly, it is ORDERED:

The "Petition for Injunction Relief under Section 10(j) of the National Labor Relations Act" (doc. 1) and the "Motion for, and Memorandum in Support, Hearing Based on Administrative Record and Affidavits" (doc. 4) filed by Petitioner M. Kathleen McKinney, are DENIED, without prejudice.

DONE and ORDERED this 30th day of October, 2008.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**